Submitted on record and petitioner's brief July 24, 1992, affirmed April 21, 1993

Lesley R. LAING,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and C.M. Carney and Associates,
*Respondents.*

(91-AB-169; CA A68765)

850 P2d 1136

Lesley R. Laing, Dallas, filed the brief *pro se.*

Michael D. Reynolds, Assistant Solicitor General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent C.M. Carney and Associates.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Claimant seeks review of an order of the Employment Appeals Board (EAB) that she is disqualified from receiving 26 weeks of future benefits because she wilfully misrepresented her earnings.[1] ORS 657.215. She makes four assignments: (1) The Employment Division (Division) violated her due process rights by not providing her notice of its investigation; (2) EAB failed to consider certain evidence; (3) the Division should have provided her with an alternative earnings reporting method; and (4) the evidence does not support EAB's finding that she wilfully misrepresented her earnings. We review pursuant to ORS 657.282 and ORS 183.482, and affirm.

EAB adopted the following findings of the referee:

"(5) Claimant filed her initial claim on January 9, 1989 and her weekly benefit amount was determined to be $210. (6) When she signed up for benefits, she received a claimant information booklet which explains how earnings affect unemployment insurance entitlement and instructs claimants to report earnings when earned and not when received. (7) Further, claimant was instructed by the local office that she must indicate the amount earned each week.

"(8) During the time period in question, claimant was a part-time employee. (9) The majority of her earnings came from her billings to employer at her professional rate of $14.50 per hour. She also billed $11.60 for her travel time. Since she was the one who actually billed employer for these hours at the specific rates, she was aware of exact earnings figures for these two functions that made up the majority of her earnings.

"(10) Other sporadic sources of income for claimant consisted of an occasional performance or goal bonus and credit from other staff who used claimant's previously submitted work product on their project. (11) She was unaware of the bonus amounts or other credits until receiving her twice-monthly pay checks. (12) These paychecks contained a detailed itemization of claimant's wage source for that pay period. However, she would sometimes not be paid for services previously billed for several weeks since payment was

---

[1] EAB also affirmed the referee's ruling that claimant repay $1,473 in overpaid benefits. Claimant does not contest that she was overpaid or challenge the amount of overpayment.

not forthcoming to claimant until employer was paid by the client."

EAB added findings to those of the referee:

"(13) Claimant knew the hours she worked, the hours she billed on each task, and her hourly rate. However, except for two weeks (weeks 15 and 16), claimant certified to the Employment Division that she worked five hours and earned $72.50 for the 21-week period between January 8, 1989 (week 2) and June 3, 1989 (week 22). * * * (14) In reality, claimant worked more than five hours and earned more than $72.50 for each of the weeks, contrary to her certification. (15) Claimant knew that she worked more than five hours per week and earned more than $72.50 per week. Claimant wilfully misrepresented her earnings to obtain unemployment insurance benefits.

"(16) The employer paid claimant twice per month."

In her first assignment, claimant contends that ORS 183.415 requires the Division to give her notice of investigation of her unemployment claim, and that the Division's failure to notify her denied her due process. We decline to address her assignment, because the issue is raised for the first time on review.

In her second assignment, claimant argues that EAB failed to consider all of her reported income and her hourly billing records. She contends that this evidence helps establish that she did not wilfully misrepresent her earnings. In support of her argument, she first points to employer's summary of earnings which does not include her reported income for weeks 1, 23 and 24. Testimony at the hearing indicates that employer did not include those weeks in its summary, because the Division was not contesting overpayment in those weeks. Claimant's earnings for the entire period, however, were in the record. There is no basis in the record to infer that the referee and EAB did not consider her earnings reflected in the exhibits that were in the record.

Claimant also points to discrepancies between her actual billing records and employer's summary to argue that EAB did not consider the billing records. The alleged discrepancies do not establish that EAB failed to consider the billings. EAB discussed specific billing records in its order and then accepted the referee's implicit findings that employer's

summary was an accurate and credible statement of the hours claimant worked.

In her third assignment, claimant argues that the Division should have provided her with an alternative reporting method pursuant to ORS 657.150(3), which provides:

"If the wages paid to an individual are not based upon a fixed period of time or if wages are paid at irregular intervals or in such manner as not to extend regularly over the period of employment, for the purposes of subsections (2) to (5) of this section, the individual's wages shall be allocated in accordance with rules prescribed by the assistant director. Such rules shall, insofar as possible, produce results the same as those which would exist if the individual had been paid wages at regular intervals."

EAB held that ORS 657.150(3) did not apply to claimant's case, because she was paid at "regular intervals" under OAR 471-30-021(2).[2] Claimant contends that OAR 471-30-021(2) only applies to that part of ORS 657.150(3) that refers to "irregular intervals." We disagree with the reasoning of both claimant and EAB, but agree that EAB was not required to use an alternate reporting method. ORS 657.150(3) addresses the allocation of wages for the purpose of determining the amount of benefits; it does not purport to dictate how an eligible claimant reports continued earnings. Moreover, even if ORS 657.150(3) is pertinent for reporting purposes, the statute limits its application to subsections (2) to (5) of ORS 657.150, which set forth the formula for calculating base year wages. Claimant's situation comes under subsection (6), which addresses the calculation of benefits when an eligible claimant has some employment.[3] ORS 657.150(3) does not apply to claimant's case.

---

[2] OAR 471-30-021(2) provides:

"An individual who is paid at least once every 35 days is deemed to have been paid at regular intervals."

[3] ORS 657.150(6) provides:

"An eligible unemployed individual who has employment in any week shall be paid with respect to such week a benefit in an amount equal to the individual's weekly benefit amount less that part of the remuneration, if any, payable to the individual with respect to such week which is in excess of one-third of the individual's weekly benefit amount. If the resulting amount is not a multiple of $1, it shall be computed to the next lower multiple of $1."

In her final assignment, claimant argues that the evidence does not support EAB's finding that she wilfully misrepresented her earnings to obtain benefits. She asserts that the record supports her contention that she estimated her earnings because her employer's billing system was complicated and did not correspond with the Division's reporting requirements. She claims that she did not wilfully misrepresent her earnings, but that she merely estimated them incorrectly.

EAB rejected claimant's explanation. Instead, it inferred that claimant wilfully misrepresented her earnings from the following facts: It found that claimant had been instructed to report the amount she earned each week; that she billed her employer the hours she worked each day; that she knew her rates of pay; and that she reported fewer hours than she actually worked and less earnings than she actually made. She knew she worked and earned more than she reported. The record, as a whole, supports these findings.

Claimant contends that EAB nonetheless erred by inferring from these facts that she wilfully misrepresented her earnings. On judicial review, we do not substitute our judgment for that of the agency in drawing an inference. *City of Roseburg v. Roseburg City Firefighters*, 292 Or 266, 271, 639 P2d 90 (1981). We only determine whether "there is a basis in reason connecting the inference to the facts from which it is derived." 292 Or at 271. Given that EAB rejected claimant's explanation of why she under reported her earnings, we find that EAB's inference of wilful misrepresentation is reasonable.

Affirmed.