Argued and submitted April 29, affirmed September 7, 1994

AUTOMOTIVE CENTRAL SERVICES, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(92-T-0107A; CA A81086)

880 P2d 940

Donald J. Churnside argued the cause for petitioner. With him on the brief was Gaydos, Churnside & Walro, P.C.

Youlee Yim You, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Employer seeks review of an order of the Employment Division (the Division)[1] that tool rent paid by employer to its employees was a disguised wage that should be treated as taxable payroll for purposes of assessing unemployment insurance taxes. ORS 657.684. We affirm.

Employer operates an automobile repair business that specializes in commercial fleet service and repair. All of its mechanics are required to provide their own hand tools, which have an average value of $10,000 to $20,000. Employer pays its mechanics a base wage of $9.60 per hour.[2] They are also paid $2.40 per billable hour for tool rent. Employer annually provides its employees with a federal tax form on which to report the rental income.

The Division sent employer a Notice of Tax Assessment that characterized as "taxable payroll" more than two years' worth of tool rent payments that employer had made to its employees. Employer requested a contested case hearing. ORS 657.683. A referee heard evidence and made these findings: Other, comparable businesses pay their mechanics between $12 and $14 per hour, but do not pay for tool rental although their mechanics, like employer's, are required to furnish their own tools. Employer's mechanics receive two checks on pay day, one for wages and the other for tool rent; employer is benefited by that system, in that it is able to pay lower unemployment insurance taxes. Employer does not run a training or vocational program and provided no explanation for why its base wage rate is lower than other comparable businesses. Employer's mechanics receive the same amount of tool rent per billable hour, regardless of disparity in the value of their tools. The referee observed that employer's base rate, when combined with the tool rental payments, equals the prevailing wage of $12 per hour, and it determined that the amounts allocated as tool rent by employer were in fact remuneration for services provided.[3] Accordingly, it concluded that

---

[1] The Division has since been renamed the Employment Department. Or Laws 1993, ch 344, §§ 2, 3.

[2] Through quality control and production incentives, employees may earn up to $15 per hour.

[3] Employer contends that tool rent is an acceptable practice and should not be viewed as a form of disguised wages. Employer is correct, that in some occupations,

those amounts should be treated as wages, for purposes of assessing employer's unemployment insurance tax, ORS 657.681, and it upheld the assessment of back taxes:

"Notwithstanding the fact that [employer] and the mechanics * * * may have agreed on an hourly pay rate plus a tool rental for a total [of] $12 per hour, it is clear that $12 per hour is the wage paid to mechanics in the area working under the same or similar work conditions. *The $2.40 allocated as tool rent was intended to be part of the remuneration paid [to] the mechanics for services performed for employer and to make their wages comparable to those of other mechanics in the area.*" (Emphasis supplied.)

It is undisputed that there is substantial evidence to support the referee's findings regarding the wages that are paid by other, comparable automobile repair shops, the prevalence of mechanics supplying their own tools without receiving rent, the absence of any training program that would explain employer's lower base wages, and the fact that the tool rental arrangement created a tax advantage for employer. ORS 183.482(8)(a), (c).

■    The only dispute is whether the agency could infer from those facts that employer intended the tool rent to serve as remuneration.[4] Our review is limited to a determination of whether there is a reasonable connection between the supported facts and the inference that was drawn by the agency. *See Laing v. Employment Div.*, 119 Or App 256, 261, 850 P2d 1136 (1993). We conclude from the facts summarized above that the agency could reasonably infer that employer's tool rent was intended to compensate its mechanics for their services and to make their wages comparable to those of other mechanics in the area. Accordingly, the agency did not err in concluding that the "rent" was a disguised wage and that

tool rent is distinguished from wages. *See* OAR 471-31-057. However, employer's mechanics do not fall within any of the designated occupations that are allowed a tool allowance separate from wages.

[4] The Division is authorized to assess employers unemployment insurance taxes on "all wages paid for services performed[.]" ORS 657.505(2). With certain exceptions not relevant here, wages are defined as "all remuneration for employment[.]" ORS 657.105(1).

employer was subject to unemployment insurance tax on the tool rent payments.[5]

Affirmed.

---

[5] Employer points out that, in a case involving one of its former employees, the Workers' Compensation Board held that tool rent received by that employee during his employment with employer did not constitute wages, and could not serve as a basis for increased benefits. That decision was based on different definitions, different rules and the Board's conclusion that the claimant in that forum had not carried his burden of proof. It is not relevant to this proceeding.